**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
––––––––––––––––––––––––––––––––––––––––

**JOHN HARRIS P.C.,**                        16-cv-5610 (JGK)

          **PLAINTIFF,**           <u>**MEMORANDUM OPINION AND**</u>
                                                                                <u>**ORDER**</u>
   **- AGAINST -**

**TOBIN ET AL.,**

          **DEFENDANTS.**
––––––––––––––––––––––––––––––––––––––––

**JOHN G. KOELTL, District Judge:**

    The plaintiff, John Harris, P.C., has sued the defendants, Gerald J. Tobin, Gerald J. Tobin P.A, and Helene Tobin, for outstanding legal fees. The plaintiff claims that it is owed in excess of $200,000 in legal fees for representing the defendants in various litigations.

    The plaintiff has moved to disqualify attorney Robert Goldstein ("Goldstein"), and Goldstein's law firm, Epstein Becker & Green ("EBG"), from representing the defendants on the purported grounds that Goldstein will be required to be a witness against the defendants, and that his testimony would be prejudicial to the defendants. The plaintiff argues that EBG must also be disqualified because the firm is not large enough to erect sufficient barriers to shield its other attorneys from Goldstein's prejudicial taint.

    "Motions to disqualify opposing counsel are viewed with disfavor because they impinge on parties' rights to employ the

counsel of their choice." Fulfree v. Manchester, 945 F. Supp. 768, 770 (S.D.N.Y. 1996) (citations omitted). A high standard of proof is required for disqualification motions because they are "often interposed for tactical reasons," and because "even when made in the best faith, such motions inevitably cause delay." Evans v. Artek Sys. Corp., 715 F.2d 788, 791-92 (2d Cir. 1983) (citations and internal quotation marks omitted); see also Williams v. Rosenblatt Sec. Inc., No. 14-CV-4390 (JGK), 2016 WL 590232, at *7 (S.D.N.Y. Feb. 11, 2016).

The plaintiff argues that Goldstein and EBG's representation of the defendants will run afoul of the "witness-advocate rule" embodied in Rule 3.7 of the New York Rules of Professional Conduct, which provides in relevant part that "[a] lawyer shall not act as advocate before a tribunal in a matter in which the lawyer is likely to be a witness on a significant issue of fact." Although instructive, state disciplinary rules "merely provide general guidance" to federal courts; "not every violation of a disciplinary rule will necessarily lead to disqualification." Hempstead Video, Inc. v. Inc. Vill. of Valley Stream, 409 F.3d 127, 132 (2d Cir. 2005). "For the plaintiff to prevail on a motion to disqualify based on the witness-advocate rule where he allegedly intends to call his adversary's attorney, he must demonstrate both that the lawyer's testimony is necessary and that there exists a substantial likelihood that

2

the testimony would be prejudicial to the witness-advocate's client." Williams, 2016 WL 590232, at *7 (quoting Goodwine v. City of N.Y., No. 15-CV-2868 (JMF), 2016 WL 379761, at *4 (S.D.N.Y. Jan. 29, 2016)).

The plaintiff has not come close to meeting the high standard of proof necessary to justify disqualifying Goldstein and EBG.

The plaintiff's motion is primarily based on a dispute during the period immediately before the end of his representation of Helene Tobin in a litigation before the Court of Appeals for the Second Circuit. By June 2016, the working relationship between the defendants and the plaintiff had broken down over (among other issues) outstanding legal fees, leading the plaintiff on June 20, 2016, to move to withdraw as counsel, a request the Court of Appeals granted on June 29, 2016. See Tobin v. Gluck, No. 15-3500 (2d Cir.) Dkts. 81, 85. On August 1, 2016, Goldstein was substituted as counsel in that action. Tobin v. Gluck, No. 15-3500 (2d Cir.) Dkt. 88. The plaintiff argues that Goldstein will be required to testify about a brief disagreement during the interim over the filing of a request to extend the time for Helene Tobin to file an opposition brief before the Court of Appeals. The issue is not substantial and therefore would not trigger the witness-advocate rule. In

addition, there is nothing about the proposed testimony that would appear to be prejudicial to the defendants.

The plaintiff also argues that Goldstein's testimony is necessary to support its contention that the defendants admitted that they owed the plaintiff either $100,000 or $30,000 in legal fees. Goldstein denies personal knowledge of such an admission or of the alleged discussions between the plaintiff and the defendants. Goldstein indicates that any second-hand knowledge that he gained through settlement discussions would likely be inadmissible pursuant to Rule 608 of the Federal Rules of Evidence. In addition, as Goldstein correctly points out, any testimony about the purported admission of liability loses some of its probative value for the plaintiff (and thus potential prejudice to the defendants) because the plaintiff claims that it is owed far more, in excess of $200,000.

The plaintiff has thus failed to show that Goldstein has any knowledge about a substantial matter, and that any testimony would be prejudicially adverse to the defendants.

Moreover, the witness-advocate rule primarily concerns the trial process. See Glueck v. Jonathan Logan, Inc., 653 F.2d 746, 748 (2d Cir. 1981) (disqualification warranted only in situations where there is a significant risk of trial taint). The rule does not bar counsel's participation in pre-trial proceedings. See Gormin v. Hubregsen, No. 08-CV-7674 (PGG), 2009

WL 508269, at *3 (S.D.N.Y. Feb. 27, 2009) (collecting cases); see also Williams, 2016 WL 590232, at *8. There is no basis for disqualifying Goldstein at this time, particularly with the flimsy showing proffered by the plaintiff.

It follows that there is no derivative basis for disqualifying EBG: there is no taint. To the extent that the plaintiff argues that a representative of EBG might be called as a witness regarding the defendants' payments of EBG's legal bills, that is not a basis for disqualification under the witness-advocate rule. See N.Y. R. Prof'l Conduct 3.7(a)(2) (permitting testimony by a lawyer if "the testimony relates solely to the nature and value of legal services rendered in the matter"). The bills can be authenticated and introduced as evidence. If necessary, a witness can be called on behalf of EBG to testify about the bills without disqualifying the firm. See N.Y. R. Prof'l Conduct 3.7(a)(1) (permitting testimony by a lawyer if "the testimony relates solely to an uncontested issue").

Accordingly, the motion is **denied**.

**SO ORDERED.**

**Dated:    New York, New York
          February 21, 2017**                    _____/s/_____
                                                      **John G. Koeltl
                                              United States District Judge**

5